hON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, John F. Crawford, II, to sit for the Louisiana Bar Examination based on *1249 character and fitness concerns. We subsequently granted petitioner permission to sit for the bar exam, with the provision that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence. In re: Crawford, 05-1907 (La.7/20/05), 905 So.2d 1086.
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether he possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in August 2006, pursuant to Supreme Court Rule XVII, § 9(B). The commissioner received documentary evidence and heard testimony given by petitioner and his witnesses. At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be admitted to the practice of law. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
IgAfter reviewing the evidence and considering the law, we conclude petitioner, John F. Crawford, II, is eligible to be conditionally admitted to the practice of law in Louisiana, subject to the following conditions:
1. The term of this conditional admission shall be for two years from the date of admission.
2. During the period of this conditional admission, petitioner shall continue to treat with his psychiatrist and comply with all recommendations regarding treatment and medication.
3. Petitioner shall be responsible for ensuring that his psychiatrist forwards biannual reports of his psychiatric treatment to the Office of Disciplinary Counsel.
4. Petitioner shall request that the ODC appoint a practice monitor to supervise his professional activities during the period of this conditional admission. Petitioner shall comply with all reasonable requests of his practice monitor.
5. Petitioner shall be responsible for ensuring that bi-annual reports of his compliance with these conditions are forwarded to the ODC. The reports shall be supported by appropriate documentary evidence.
6. Within thirty days prior to the expiration of the conditional admission, the Office of Disciplinary Counsel shall file a report in this court in which it shall recommend whether the conditional admission be allowed to terminate or be extended.
7. Petitioner shall cooperate with the Office of Disciplinary Counsel, and shall comply with any and all requirements imposed upon him by the Office, of Disciplinary Counsel.
Should petitioner fail to make a good faith effort to satisfy these conditions, or should he commit any misconduct during the period of probation, his conditional | aright to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.